UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamar D. Henry,

           Plaintiff,           Court File No. 17-cv-773 (SRN/LIB)

v.

**REPORT AND RECOMMENDATION**

Lieutenant Gravdal, et al.,

           Defendants.

This matter comes before the undersigned United States Magistrate Judge pursuant to a referral for report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b) and Local Rule 72.1, and upon Defendants Lieutenant Gravdal, Captain Lee, Correctional Officer J. Hanson, and Correctional Officer Weber's joint Motion to Dismiss, [Docket No. 28].

For the reasons set forth below, the Court recommends that Defendants' joint Motion to Dismiss, [Docket No. 28], be **GRANTED**.

I.      BACKGROUND AND STATEMENT OF FACTS

Plaintiff Jamar D. Henry is currently incarcerated at the Federal Correctional Institution in Milan, Michigan. (Boldt Dec., [Docket No. 30], 1). From June 19, 2012, to August 17, 2016, however, Plaintiff was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. (Id. at 2). Plaintiff alleges that from April 11, 2016, to April 14, 2016, he was placed into a "dry cell" by Defendant Lieutenant Gravdal as part of an ongoing investigation; it appears from the record now before the Court that the intent was to determine whether Plaintiff had drugs in his stomach. (Amend. Compl., [Docket No. 5], 8). Plaintiff contends that his treatment while in the dry cell violated the Eighth Amendment's prohibition of cruel and unusual punishment in

multiple ways, as he was not provided with water; he was not permitted to shower, brush his teeth, or wash his hands; he was "forced to handle his feces and urine without gloves"; he was "forced to sit on a hard small plastic pot as a make shift toilet"; and Plaintiff was kept in the dry cell by Defendant Gravdal and Defendant Captain Lee even after x-rays failed to establish the presence of drugs in his system. (Id.). Plaintiff asserts that as a result, he suffered "great emotional distress," as well as, severe constipation and "a [hemorrhoidal] flare up." (Id.). In addition, Plaintiff contends that Defendant Correctional Officer J. Hanson and Defendant Correctional Officer Weber violated his Fifth Amendment protections against self-incrimination by repeatedly questioning him after Plaintiff invoked that right. (Id. at 8-9). Finally, Plaintiff alleges that in May 2015, he was held in administrative detention "without seeing the DHO for over 100 days." (Id. at 9).

Plaintiff initiated the present case by filing his Complaint in this Court on March 14, 2017. [Docket No. 1]. On April 14, 2017, in accordance with this Court's direction, Plaintiff filed the operative Amended Complaint. [Docket No. 5]. He named as Defendants Lieutenant Gravdal, Captain Lee, Correctional Officer J. Hanson, and Correctional Officer Weber. (Id. at 1, 7). In the portion of the form Amended Complaint entitled "Relief," which instructs the Plaintiff to "[s]tate briefly and exactly what you want the Court to do for you," Plaintiff wrote: "The entry of a judgment order against the Defendants, jointly and severally, in an amount in excess of $50,000.00." (Id. at 5).

On November 13, 2017, Defendants filed the joint Motion to Dismiss, [Docket No. 28], which is presently before the Court. Therein, Defendants argue that the Court should dismiss Plaintiff's Amended Complaint because Plaintiff has failed to exhaust the available administrative remedies prior to filing the present lawsuit. (Mem. in Supp., [Docket No. 29], 1).

In the alternative, Defendants contend that to the extent that Plaintiff brings claims against them in their official capacities, such claims must be dismissed because Defendants enjoy sovereign immunity. (Id. at 14). Defendants argue that they are entitled to qualified immunity on Plaintiff's Fifth Amendment claims, Defendant Lee should be dismissed because Plaintiff has failed to allege sufficient personal involvement in the alleged constitutional violations, and Plaintiff's Fifth Amendment claims fail as a matter of law. (Id. at 15-16). Finally, Defendants argue that to the extent that Plaintiff is raising a procedural due process challenge to his 100-day administrative detention, he has failed to do so as a matter of law. (Id. at 18).

On December 1, 2017, Plaintiff filed his Response to Defendants' joint Motion to Dismiss. [Docket No. 35]. Plaintiff asserts that he exhausted his administrative remedies as required, that he adequately pled Defendant Lee's personal involvement, and that Defendants are not entitled to qualified immunity. (Id. at 2-4). Plaintiff also "concedes that his official claims must be dismissed," (Id. at 2); he concedes that his "Fifth Amendment privilege against self-incrimination claim [*sic*] was not violated as a matter of law," (Id. at 4); and he "concedes as to the Defendants' Due Process rights contention and waives the same at this time," (Id. at 4 n.2).

On December 15, 2017, Defendants filed their Reply to Plaintiff's Response. [Docket No. 37]. Defendants largely dedicated their Reply to addressing Plaintiff's arguments regarding Defendant Lee's personal involvement. (Id.).

On January 16, 2018, Plaintiff filed a Motion for Leave to File Supplemental Reply/Surreply. [Docket No. 41]. Considering its duty to construe pro se pleadings liberally and the fact that Plaintiff's Motion contained his surreply argument, the undersigned granted the Motion and accepted it as Plaintiff's Surreply. (Order, [Docket No. 43], 2). Plaintiff's Surreply consists of certain medical records Plaintiff wishes the Court to consider in determining whether

3

to grant the pending Motion to Dismiss. (See, Exhibit, [Docket No. 42]). The Court then took the matter under advisement upon the parties' written submissions.

## II.   ANALYSIS

As already set forth above, Defendants make multiple arguments as to why the Court should dismiss the present case. However, the undersigned need not review all of those arguments or address their merits, as there is a more direct path to resolution of the present Motion.

It is well-established that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). See, also, e.g., Miskovich v. Independent School Dist. 318, 226 F. Supp. 2d 990, 1012 (D. Minn. 2002); Goldberg v. McCormick, No. 17-cv-919 (PAM/LIB), 2018 WL 579407, *2 (D. Minn. Jan. 26, 2018); Liedtke v. Runningen, No. 15-cv-3361 (JRT/HB), 2016 WL 5660455, *4 (D. Minn. Sept. 29, 2016).

In the present case, in both his initial Complaint and his Amended Complaint, Plaintiff did not unambiguously state that he was bringing his claims against Defendants in their individual capacities. [Docket Nos. 1 and 5]. Accordingly, in compliance with long-standing precedent in the Eighth Circuit, Plaintiff's Amended Complaint must be construed as bringing claims against Defendants only in their official capacities. See, Liedtke, 2016 WL 5660455, at *4 (construing claims as official-capacity only where plaintiff failed to assert any claims were brought against the defendant in her individual-capacity).

As already set forth above, Plaintiff has conceded that his claims against Defendants in their official capacities must be dismissed. (Response, [Docket No. 35], 2). Specifically, Plaintiff

4

stated: "Henry agrees with the legal contention raised by the Defendants asserting that there is no basis for the imposition of liability upon the Defendants for acts or omissions in their official capacity." (Id.).

Accordingly, because the only claims pled in the Initial and Amended Complaints were brought against Defendants only in their official capacities and Plaintiff concedes that any and all claims brought against Defendants in their official capacities should be dismissed, the undersigned recommends that Defendants' joint Motion to Dismiss, [Docket No. 28], be **GRANTED**, and the matter be dismissed.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's joint Motion to Dismiss, [Docket No. 28], be **GRANTED**; and

2. The matter be **DISMISSED**, as set forth above.

Dated: April 17, 2018                                s/Leo I. Brisbois
                                                     Leo I. Brisbois
                                                     United States Magistrate Judge

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).